UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOHN GEORGE PETERS,**

      **Plaintiff,**

v.                                                    Case No:   6:19-cv-304-Orl-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**
_____/

**ORDER[1]**

Plaintiff appeals to this Court from a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIBs") and supplemental security income ("SSI"). The Court has reviewed the record, including the decision of Administrative Law Judge Ken B. Terry (hereinafter the "ALJ"), the administrative record, and the memoranda of the parties (Docs. 25, 27, 28). After due consideration, the Commissioner's final decision is reversed and remanded for further proceedings consistent with the findings in this Order, pursuant to sentence four of 42 U.S.C § 405(g).

**I.  PROCEDURAL BACKGROUND**

On August 7, 2012, Plaintiff filed applications for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"), alleging disability due to right knee problems, left wrist problems, depression and ADD.[2] (Tr. 170–187.) The

---

[1] On April 8, 2019, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 13.) Accordingly, the case was referred to the undersigned by an Order of Reference on April 10, 2019. (Doc. 15.)

[2] "ADD" stands for attention deficit disorder.

Commissioner denied Plaintiff's claims initially on December 14, 2012. (Tr. 105–116.) Plaintiff's first administrative hearing was on June 12, 2014, before Administrative Law Judge Geoffrey S. Casher. (Tr. 47–74.) Judge Casher issued a decision finding Plaintiff not disabled on August 11, 2014 (Tr. 27–46), and the Appeals Council denied Plaintiff's request for review on March 24, 2015 (Tr. 5–10).

Plaintiff then sought judicial review in the Eastern District of Pennsylvania. (Tr. 529–547.) While his action was pending, Plaintiff filed a subsequent claim (the "Subsequent Claim") for disability benefits on May 10, 2016.[3] The Eastern District of Pennsylvania remanded Plaintiff's claim back to the Commissioner for further administrative proceedings. (Tr. 529–547.) the Appeals Council vacated the Commissioner's August 11, 2014 final decision and remanded the case to the ALJ. (Tr. 551.) The Remand Order explicitly directed the ALJ to consolidate the Subsequent Claim files with the Original Claim files and "create a single electronic record[] and issue a new decision on the consolidated claims." (*Id.*) A second administrative hearing was held on December 4, 2017 (Tr. 483–528), and the ALJ issued a decision finding that Plaintiff was not disabled on December 3, 2018 (Tr. 435–461).[4] Plaintiff now appeals, seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).[5]

## II.   ALJ'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

---

[3] Based on the representations in the disability determination explanations at the initial and reconsideration level, in the Subsequent Claim, Plaintiff alleged disability due to problems with the right knee, left wrist, as well as depression and ADHD, sciatic nerve, bilateral hip, back, and anxiety. (Doc. 25 at 9–10, 20.)

[4] The parties explain that the record contains a February 22, 2018 unfavorable decision authored by the ALJ. (Doc. 25 at 2 n.1); (Tr. 574–599.)  Following this decision, a subsequent administrative hearing was scheduled for September 24, 2018. (Tr. 652.) The parties explained that this hearing did not occur, and the December 3, 2018 unfavorable decision followed.

[5] The ALJ's December 3, 2018 unfavorable decision serves as a final decision for § 405(g) purposes. *See* 20 C.F.R. § 404.984(a) ("when a case is remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Commissioner after remand . . . unless the Appeals Council assumes jurisdiction of the case.").

An individual is considered disabled and entitled to disability benefits if the person is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In evaluating a disability claim, the Commissioner must use the following five-step sequential analysis:

1. If the applicant is working, the claim is denied.
2. If the impairment is determined not to be severe—i.e., if the impairment or combination of impairments does not significantly limit the individual's physical or mental ability to do basic work—then the claim is denied.
3. If the impairment or combination of impairments meets or medically equals one of the specific impairments listed in the regulations, then the claimant is entitled to disability benefits. If not, then the Commissioner proceeds to step four.
4. If the claimant has the residual functional capacity ("RFC") to perform past work, then the claim is denied. If not, then the Commissioner proceeds to step five.
5. If the claimant cannot perform past work, then the Commissioner must determine whether there is substantial work in the economy that the claimant can perform. If so, the claim is denied.

*See* 20 C.F.R. §§ 404.1520–404.1576; *Id.* §§ 416.920–416.976.

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of October 1, 2009. (Tr. 441.) At step two, the ALJ found that Plaintiff was severely impaired by a combination of:

>a history of a left wrist fusion; osteoarthritis of the right knee; generalized arthritis; a history of sciatica with more recent evidence of degenerative disc disease with disc herniations and annular tears; attention deficit hyperactivity disorder (ADHD); an affective disorder; and a history of a substance addiction disorder, in current remission.

(*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the regulations. (*Id.*) Before proceeding to step four, the ALJ determined that Plaintiff had the RFC to do the following:

>Sedentary and a reduced range of light work . . . with the ability to lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently, but cannot more than occasionally push/pull with the left non-dominate upper extremity; sit for four hours at one time and a total of eight hours per eight-hour day; and stand and/or walk for one hour at a time and a total of four hours per eight-hour day. He cannot climb ropes, ladders, and scaffolds, but can occasionally climb stairs and ramps, balance, stoop, kneel, crouch[,] and crawl. He must avoid more than frequent fingering for fine manipulation with the left non-dominate upper extremity. He has no other limitations regarding manipulation, vision or communication. He must avoid concentrated exposure to work hazards, including unprotected heights and dangerous machinery. Mentally, he cannot perform complex tasks, but can perform simple, routine tasks consistent with unskilled work with concentration on those tasks for two-hour periods with normal breaks and a lunch.

(Tr. 444.) At step four, the ALJ concluded that Plaintiff was unable to perform his past relevant work as a bartender. (Tr. 452.) However, the ALJ ultimately concluded at step five that, considering the Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that the Plaintiff could perform. (*Id.*) Such jobs included ticket seller, ticket taker, table worker, and food and beverage order clerk. (Tr. 454.)

### III. SCOPE OF JUDICIAL REVIEW

On judicial review, a Court may determine only whether the ALJ correctly applied the legal standards and if the ALJ's findings are supported by substantial evidence. *Crawford v. Comm'r of*

*Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir.1997)). A Court may "not reweigh the evidence or substitute [its] own judgment for that of the agency." *Jackson v. Soc. Sec. Admin., Comm'r*, 779 F. App'x 681, 683 (11th Cir. 2019) (citing *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)).

The Eleventh Circuit defines "substantial evidence" as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Raymond v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 766 (11th Cir. 2019) (citing *Lewis*, 125 F.3d at 1439). A Court determines whether substantial evidence exists by considering evidence that is both favorable and unfavorable to the Commissioner's decision. *Lynch v. Astrue*, 358 F. App'x 83, 86 (11th Cir. 2009). "Even if the evidence preponderates against the [Commissioner's] findings, [the Court] must affirm if the [Commissioner's] decision is supported by substantial evidence. *Gibbs v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 799, 800 (11th Cir. 2017) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)).

## IV.  DISCUSSION

Plaintiff raises two issues on judicial review: whether the ALJ complied with the Appeals Council's remand order, and whether the ALJ improperly failed to afford any weight to one of Plaintiff's physicians. (Doc. 25.) The Court will address the remand order issue first as it will inform the Court's decision on the second issue.

Plaintiff argues that the ALJ committed reversible error by failing to consolidate Plaintiff's disability claims, contrary to the Appeals Council's remand order (the "Remand Order"). (Doc. 25 at 17.) In response, the Commissioner contends that the ALJ did consolidate the claims and therefore complied with the Remand Order. (Doc. 25 at 19.) Upon review of the briefing and the

Transcripts (Docs. 14, 22.), the Court finds that there is insufficient information in the record to determine whether the ALJ adhered to the Remand Order.

"The Appeals Council may remand a case to an administrative law judge so that he or she may hold a hearing and issue a decision or a recommended decision." 20 C.F.R. §§ 404.977(a); 416.1477(a). The administrative law judge *shall* take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order. *Id.* §§ 404.977(b); 416.1477(b) (emphasis added). The Eleventh Circuit considers remand orders from the Appeals Council as a mandate, which "[a] court 'may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.'" *Apone v. Comm'r, Soc. Sec. Admin.*, 435 F. App'x 864, 865 (11th Cir. 2011) (quoting *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir.1985)).

"[A]n [administrative law judge]'s failure to take specific action mandated by the Appeals Council on remand is reversible error because it obviates an [administrative law judge]'s duty to fully and fairly develop the record." *Ross v. Comm'r of Soc. Sec.*, No. 6:12-cv-959-Orl-22GJ, 2013 WL 5236680, at *3 (M.D. Fla. Sept. 17, 2013) (internal citations omitted); *see also Morales v. Comm'r of Soc. Sec.*, No. 618CV00194ORL28GJK, 2018 WL 5283901, at *2–3 (M.D. Fla. Oct. 9, 2018), *report and recommendation adopted*, 2018 WL 5281469 (M.D. Fla. Oct. 24, 2018) (remanding an action where the administrative law judge failed to assess the plaintiff's need to use an assistive device to walk, contrary to the Appeals Council's directive); *Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462-T-JSS, 2017 WL 3381714, at *5 (M.D. Fla. Aug. 7, 2017) (remanding the action because the administrative law judge failed to comply with the Appeals Council's remand order by failing to discuss a particular physician's opinions).

In accordance with the order from the United States District Court for the Eastern District of Pennsylvania, the Appeals Council vacated the Commissioner's August 11, 2014 final decision and remanded the case to the ALJ. (Tr. 551.) The Remand Order explicitly directed the ALJ to consolidate the Subsequent Claim files with the Original Claim files and "create a single electronic record[] and issue a new decision on the consolidated claims." (*Id.*) On remand, the ALJ issued an unfavorable decision. (Tr. 438.) Though the ALJ acknowledged the Remand Order's directives in the decision, he did not include the Subsequent Claim among the list of exhibits (the "List of Exhibits") he relied upon when reviewing Plaintiff's claim. (Tr. 438, 455–461.)

In February 2019, Plaintiff filed the instant action, seeking judicial review of his disability applications. (Doc. 1.) The Commissioner answered (Doc. 12), and as customary, filed the Transcript (Docs. 14-1–20). The Transcript included a Certification from Michael Sampson, the Chief of the Court Case Preparation and Review Branch 3, Office of Appellate Operations, Social Security Administration stating that the Transcript was a "full and accurate transcript of the entire record of proceedings related to this case." (Doc. 14.) Thereafter, Magistrate Judge Thomas B. Smith entered the Scheduling Order, which set the deadline for the Commissioner to serve his portion of the joint memorandum on Plaintiff. (Doc. 16 at 1.) Just days before the deadline, the Commissioner moved for a 30-day extension due to "missing pages in the . . . [T]ranscript." (Doc. 19 at 2.) The Commissioner then filed a Supplemental Transcript,[6] which included the Subsequent Claim, as well as the correlating disability determination explanations from the initial and reconsideration level. (Doc. 22-2.)

The parties do not disagree that the ALJ failed to include the Subsequent Claim and the disability determination explanations in the List of Exhibits. (Docs. 25 at 27–28; 27 at 5.) In fact,

---

[6] The Supplemental Transcript pages are 1086–1119. (Doc. 22-2.)

the Commissioner, in supplemental briefing, concedes that there were even more documents that were omitted from the List of Exhibits. (*See* Doc. 27 at 5.) What the parties disagree about is whether these omissions indicate that the ALJ failed to consolidate the claim files. Plaintiff argues that the omissions demonstrate that the ALJ failed to consolidate the Subsequent Claim files with the Original Claim files. (Doc. 25 at 18–19, 27–28.) The Commissioner argues that, despite the omissions, the ALJ complied with the Remand Order since pages 766–1085 of the Transcript are from Plaintiff's Subsequent Claim. (*Id.* at 19.) The Commissioner originally did not offer an explanation as to how he determined that the pages 766–1085 are from the Subsequent Claim. Thus, the Court directed the Commissioner to provide supplemental briefing on how he reached that conclusion. (Doc. 26.) Plaintiff was also afforded an opportunity to respond to the Commissioner's supplemental briefing. (*Id.*)

The Commissioner timely filed a supplemental brief ("Supplemental Brief"), wherein he explains that, after consulting with the Social Security Administration's Assistant Regional Counsel, he was able to conclude that pages 765–876 of the Transcript "encompass *almost all* of the medical evidence contained in" the Subsequent Claim. (Doc. 27 at 5) (emphasis added). The Commissioner then concedes that the List of Exhibits also did not include two prescription medication forms. (*Id.*)

In response, Plaintiff points out that the ALJ also did not include "a function report, pain questionnaire, and work history report that were completed by [Plaintiff] in June 2016" in the List of Exhibits. (*Id.* at 2.) Indeed, the final decision is devoid of any discussion of these documents. (Tr. 435–461.) It also did not contain any discussions of the physician's opinions from the initial and reconsideration level disability determinations of the Subsequent Claim. (*Id.*) This alone leads the Court to question whether the ALJ consolidated the files from the Original and the Subsequent

Claim. Even though the Commissioner offered several arguments in an attempt to prove that the ALJ did consolidate the files, the Court does not find them to be persuasive.

First, the Commissioner argues that because there was "no apparent gap in time or missing evidence identified by Plaintiff" from the Plaintiff's disability onset in 2008 to 2017, one can conclude that the ALJ consolidated the claims. (Doc. 27 at 4.) However, as Plaintiff points out and the Commissioner ultimately concedes, several documents and medical records were missing from the Transcript and List of Exhibits. Second, the Commissioner explains that the Assistant Regional Counsel for the Social Security Administration confirmed with him that pages 765–876 encompass the medical evidence from the Supplemental Claim. (Doc. 27 at 5.) However, this is far fewer pages than what the Commissioner represented to be a part of the Subsequent Claim, pages 766–1085. Given the numerous omissions from the Transcripts, coupled with the imprecision with which the Commissioner and the Assistant Regional Counsel determined that the ALJ consolidated the files from the Subsequent Claim with the Original Claim, the Court is not convinced that the ALJ complied with the Remand Order. As such, this case is due to be remanded. *See Ross*, 2013 WL 5236680, at *3; *Morales*, 2018 WL 5283901, at *2–3; *Mahon*, 2017 WL 3381714, at *5.

Plaintiff's argument as to whether the ALJ failed to assign weight to the opinion of Gregory Coleman, Psy.D., need not be addressed further because the case is being remanded to the Commissioner for further consideration. *See, e.g.*, *Demenech v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case as to one issue); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that it was unnecessary to review other issues raised on appeal where remand was required and such issues would likely be reconsidered in the subsequent proceedings).

## V. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for further proceedings consistent with the findings of this Order.

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on October 16, 2020.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record